IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| DODD, DRENNAN & ASSOCIATES, PLLC, ) <br> on behalf of itself and all other entities and ) <br> persons similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CYLCOMM, LLC D/B/A DIRECT ) <br> LODGING.COM. and JOHN ) <br> DOES 1-10, intending to refer to those persons, ) <br> Corporations or other legal entities that ) <br> acted as agents, consultants, independent ) <br> contractors or representatives, ) <br> ) <br> Defendants. ) | Case No. _____ <br> JURY DEMAND |

## CLASS ACTION COMPLAINT

COMES NOW Dodd, Drennan & Associates, PLLC, on behalf of itself and all other persons or entities similarly situated, referred to hereinafter as "Representative Plaintiff", and files this Class Action Complaint against the Defendants Cylcomm, LLC d/b/a Direct Lodging.com and John Does 1-10 for violation of Telephone Consumer Protection Act, 47 U.S.C. § 227, and would respectfully show the following:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Dodd, Drennan & Associates, PLLC is an accounting firm offering licensed financial services in the state of Tennessee with a principal place of business address of 1204 16th Avenue South, Nashville, Tennessee 37212.

2. Defendant Cylcomm, LLC d/b/a Direct Lodging.com ("Direct Lodging") is, upon information and belief, a Florida-based domestic corporation. Direct Lodging offers goods and services related to travel and leisure activities. Direct Lodging's registered agent for service of

process is listed as Registered Agents Inc., 3030 N. Rocky Point Dr., Ste. 150A, Tampa, Florida 33607.

3. Defendants John Does 1-10 represent those persons, corporations, or other legal entities that acted as agents, consultants, independent contractors or representatives of Defendant Direct Lodging and/or who assisted them in creating, publishing, broadcasting and faxing the documents received on the fax machine by Representative Plaintiff, whose identities at this time are unknown but will be substituted by amendment when ascertained.

4. Defendants Direct Lodging and John Does 1-10 are collectively referred to hereinafter as Defendants.

5. The claims of the class of persons represented by the Representative Plaintiff arise pursuant to the provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, as amended by the Junk Fax Prevention Act of 2005, and the regulations promulgated under the Act (hereinafter, "TCPA").

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the TCPA, which is a federal statute. This Court has personal jurisdiction over the Defendants because at all relevant times, the conduct complained of arises out of business they conducted in Tennessee, specifically in this District.

7. Venue is proper in this District in that the Representative Plaintiff has its principal place of business in and the events at issue in this lawsuit occurred in this County.

**FACTUAL ALLEGATIONS**

8. The Telephone Consumer Protection Act of 1991, Pub. L. 102-243, § 3(a), added Section 227 to Title 47 of the United States Code. 47 U.S.C. § 227 was last amended in 2005.

In pertinent part, 47 U.S.C. § 227(b) provides "It shall be unlawful for any person within the United States . . . to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine[.]"

9. In pertinent part, 47 C.F.R. § 64.1200(a), a regulation prescribed under 47 U.S.C. § 227(b) and effective as of December 20, 1992, provides that "No person may . . . [u]se a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."

10. As used in both 47 U.S.C. § 227 and 47 C.F.R. 64.1200, "[t]he term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." (47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(5).)

11. Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

 (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

 (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

 (C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

12. Representative Plaintiff has, and at all relevant times had, telephone service at (615) 322-9955 at its offices located 1204 16th Avenue South, Nashville, Tennessee in Davidson

County, Tennessee. Representative Plaintiff receives facsimile transmissions at that number, using a telephone facsimile machine.

13. The facsimiles from Defendants received by Representative Plaintiff on the individual facsimile machine noted above in paragraph 12 are attached hereto as Exhibit A and are hereinafter referred to as "the faxes".

14. On or about March 22, March 30, and April 5, 2017, Representative Plaintiff received on its fax machine the four separate transmissions contained in Exhibit A, which consists of a single-page fax transmission advertising Defendants' travel services. Upon information and belief, Exhibit A contains fax advertisements through which Defendants attempt to solicit customers to utilize their travel services. The fax advertisements were sent on behalf of Defendants.

15. The faxes received by Representative Plaintiff from Defendants was wholly unsolicited.

16. Representative Plaintiff did not give prior express invitation or permission, in writing or otherwise, for Defendants to send the faxes in Exhibit A.

17. There was no established business relationship between Representative Plaintiff and Defendants at the time the faxes contained in Exhibit A were sent to Representative Plaintiff's fax machine.

18. The faxes contained in Exhibit A do not contain an Opt-Out Notice that complies with the requirements of 47 C.F.R. 64.1200(a)(4)(iii) and (iv).

19. The faxes contained in Exhibit A do not contain an Opt-Out Notice stating that sender's failure to comply within 30 days to a request to stop sending such faxes is unlawful.

20. The only option identified as an option to be used by a recipient to send an opt-out request to the sender of the advertisement is a fax number listed as (855) 361-0633.

21. The faxes contained in Exhibit A do not contain an area at the bottom of the faxes that gives the options required by law, that a recipient might use, without cost to the recipient, to request that they be removed from the faxing list utilized by Defendants.

22. Defendants, and/or its employees and/or its agents, created the contents of Exhibit A and had the capability to control the contents thereof.

23. Defendants, and/or its employees and/or its agents, determined the fax telephone numbers to which Exhibit A was sent to the Representative Plaintiff and other recipients.

24. Upon information and belief, Defendants sent fax transmissions like those contained in Exhibit A to hundreds, if not thousands, of telephone facsimile machines located in Tennessee and other states offering their products and services.

25. Said transmissions of Exhibit A were made for the purpose of advertising the commercial availability of goods and services available from Defendants.

26. Representative Plaintiff further alleges that in each instance Defendants did so willfully or knowingly.

27. Representative Plaintiff further alleges upon information and belief that in each instance Defendants had actual notice of participation, or a high degree of involvement, in a plan to transmit unsolicited advertisements to telephone facsimile machines (by, for example, knowing the that the transmitted faxes were advertisements or participating in preparing their content, providing or obtaining the fax telephone number of Representative Plaintiff or other recipients, and knowing that Representative Plaintiff or other recipients had not authorized the faxes' transmission by prior express invitation or permission).

28. Representative Plaintiff suffered actual injury in that by sending the unsolicited fax transmission in Exhibit A, Defendants caused it to incur costs such as wasted paper, ink toner, occupied telephone line, and the time and expense incurred in receiving, reviewing, and disposing of the fax transmissions.

29. Representative Plaintiff therefore alleges that defendants violated 47 U.S.C. § 227 and 47 C.F.R. § 64.1200.

## CLASS ACTION REGARDING SIMILARLY SITUATED PLAINTIFFS

30. Pursuant to Fed. R. Civ. Pro. 23, Representative Plaintiff brings this action on behalf of itself and a Class of individuals defined as follows:

> All persons, natural or otherwise, in the United States and its territories who were successfully sent one or more facsimile transmissions advertising the travel and leisure goods and services of Direct Lodging during the period from four years prior to the filing of this Complaint through the present and with whom Direct Lodging did not have an established business relationship at the time of the fax transmission.

Excluded from the Class are: (1) Defendants and any entity in which Defendants has a controlling interest, and their legal representatives, officers, directors, assignees, and successors, and any co-conspirators; and (2) any judge or justice to whom this action is assigned, together with any relative of such judge or justice within the third degree of relationship, and the spouse of any such person.

31. Upon information and belief, Representative Plaintiff alleges that non-compliant facsimile advertisements sent on behalf of the Defendants to advertise their products and services have been transmitted to hundreds, if not thousands, of telephone facsimile machines in Tennessee and, presumably, other states through an intentional and persistent course of conduct. Each such transmission constitutes a separate violation of the TCPA. Because the Class members are dispersed and are believed to number in the hundreds if not thousands, individual

joinder is impractical in satisfaction of Fed. R. Civ. Pro. 23(a)(1). The disposition of the claims of the Class members in a single action will provide substantial benefits to all parties and to the Court.

32. Representative Plaintiff's claims are typical of the claims of the Class, as required by Fed. R. Civ. Pro. 23 in that Representative Plaintiff received an unsolicited facsimile advertisement from Defendants advertising goods and services for a commercial purpose during the proposed Class Period.

33. The factual and legal bases of Defendants' misconduct are common to all members of the Class and represents a common cause of injury to Representative Plaintiff and the Class members.

34. Numerous questions of law and fact are common to the Class and predominate over questions affecting only individual Class members, as required by Fed. R. Civ. Pro. 23(a)(2). Such common questions including, but are not limited to:

> i. Whether Defendants had a business practice of sending unsolicited facsimile advertisements for its commercial goods and services in violation of the TCPA;
>
> ii. Whether the unsolicited facsimile advertisements sent by Defendants contained an Opt-Out Notice that complies with the requirements of 47 C.F.R. 64.1200(a)(4)(iii) and (iv);
>
> iii. Whether Defendants harmed Representative Plaintiff and the Class;
>
> iv. Whether Representative Plaintiff and the Class are entitled to compensatory damages and, if so, in what amount;
>
> v. Whether Representative Plaintiff and the Class are entitled to additional statutory damages and, if so, in what amount; and
>
> vi. Whether Representative Plaintiff and the Class are entitled to equitable and/or injunctive relief.

35. Representative Plaintiff's claims are typical of the claims of the Class because they arise from the same course of conduct by Defendants and the relief sought is common.

36. The Class is ascertainable, as the Class is defined using objective criteria and Class Members who received unsolicited facsimile advertisements from Defendants are easily identifiable based on existing telephone records.

37. Representative Plaintiff will fairly and adequately represent and protect the interests of the Class, as required by Fed. R. Civ. Pro. 23(a)(4). Moreover, Representative Plaintiff has retained counsel with substantial experience in the prosecution of nationwide class actions. Representative Plaintiff and its counsel are committed to the vigorous prosecution of this action on behalf of the Class and have the financial resources to do so. Neither Representative Plaintiff nor its counsel has any interests adverse to those of the Class.

## COUNT 1
## VIOLATIONS OF 47 USC §227 AND C.F.R. § 64.1200

38. Representative Plaintiff re-alleges and incorporates Paragraphs 1 through 37 above as if fully set forth herein.

39. The TCPA requires that all persons who send advertisements to fax machines must include an Opt-Out Notice fully compliant with FCC regulations enacted pursuant to the TCPA found at 47 C.F.R. 64.1200(a)(3)(iii) and (iv).

40. As a result of the foregoing, any members of the proposed Class who received a facsimile from Defendants that did not include a fully compliant Opt-Out Notice are entitled to $500.00 in damages for each fax transmission in violation of the TCPA pursuant to 47 U.S.C.§227(b)(3)(B).

## COUNT 2
## TREBLE DAMAGES

41. Representative Plaintiff re-alleges and incorporates Paragraphs 1 through 40 above as if fully set forth herein.

42. Defendants' actions willfully or knowingly violated the Telephone Consumer Protection Act.

43. As a result of the foregoing, the Court may, in its discretion, increase the amount of the statutory damages up to an amount equal to $1,500.00 per TCPA violation pursuant to 47 U.S.C.§227(b)(3)(C).

44. The Court should use its discretion to increase the amount of statutory damages to an amount equal to $1,500.00 per TCPA violation due to the Defendants' willful or knowing conduct.

## COUNT 3
## CONVERSION

45. Representative Plaintiff re-alleges and incorporates Paragraphs 1 through 44 above as if fully set forth herein.

46. Representative Plaintiff and the Class owned the facsimile machines, and the toner and paper utilized by such machines, to which the Defendants transmitted the unsolicited faxes in question.

47. Representative Plaintiff and the Class also had a possessory interest in the time spent by their employees, who in the course of their employment received, routed, and reviewed the unsolicited faxes in question.

48. By sending Representative Plaintiff and the other class members unsolicited faxes, Defendants intentionally, improperly and unlawfully converted their fax machines, toner,

9

Case 3:17-cv-00804   Document 1   Filed 05/04/17   Page 9 of 11 PageID #: 9

and paper to its own use and denied Representative Plaintiff and the Class use of the same. Defendants also converted Representative Plaintiff's and the Class members' employees' time to Defendants' own use and denied Representative Plaintiff and the Class possession and/or use of the same.

49. Representative Plaintiff and the Class did not consent to such misappropriation and has resulted in injuries to both the Representative Plaintiff and the Class.

## **PRAYER FOR RELIEF**

WHEREFORE, Representative Plaintiff respectfully prays for the following relief:

a. That the Court enter an Order certifying the claims of the Representative Plaintiff and all other persons similarly situated as class action claims set forth regarding Counts 1 and 2 as provided by Fed. R. Civ. Pro. 23;

b. Pursuant to Count 1, that the Court enter judgment in favor of Representative Plaintiff and the proposed Class against Defendants, in an amount of $500.00 for each fax transmission in violation of the Telephone Consumer Protection Act;

c. Pursuant to Count 2, that the Court find that Defendants willfully or knowingly violated the Telephone Consumer Protection Act and increase the statutory damages against the Defendants to a total of $1,500.00 for each and every fax transmission in violation of the Telephone Consumer Protection Act;

d. Pursuant to Count 3, that the Court find that Defendants unlawfully converted the property owned by the Representative Plaintiff and the Class without authorization in amount to be determined at trial;

e. Trial by jury as to all issues so triable; and

f. That the Representative Plaintiff and the members of the proposed Class be granted such other and further relief as is just and equitable under the circumstances, including injunctive relief to stop their wrongful conduct.

DATED: May 4, 2017                                    Respectfully submitted,


*/s/ Joe P. Leniski, Jr.*
Joe P. Leniski, Jr. (TN Bar No. 22891)
BRANSTETTER, STRANCH &
JENNINGS, PLLC
223 Rosa L. Parks Ave, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
jleniski@branstetterlaw.com

James A. Streett (Ark. Bar No. 2007092)
STREETT LAW FIRM, P.A.
107 West Main
Russellville, AR 72801
(479) 968-2030
Alex@StreettLaw.com
James@StreettLaw.com


*Attorney for Plaintiff*